Filed 1/5/23  P. v. Brittain CA4/1
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LANCE DENE BRITTAIN,<br><br>    Defendant and Appellant. | D078233<br><br><br>(Super. Ct. No. SCD187149) |


APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Reversed and remanded with directions.

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Alan L. Amann and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.


Lance Dene Brittain appeals the order denying the petition to vacate his 2007 murder conviction, which he filed based upon postconviction

statutory changes that narrowed the scope of liability for felony murder. The trial court relied on the jury's robbery-murder special-circumstance finding to deny relief at the prima facie review stage.

In our initial opinion, we concluded the jury's finding did not categorically bar relief, reversed the order, and remanded the matter for further proceedings. The Supreme Court of California granted the People's petition for review and held the case for its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), where it held a jury's true finding on a felony-murder special-circumstance allegation did not preclude a petitioner from making a prima facie showing of eligibility for resentencing when the jury made the finding before the Supreme Court had issued two decisions on key phrases in the statute defining the special circumstance. After the Supreme Court issued its decision in *Strong*, it transferred Brittain's appeal to us with directions to vacate our opinion and to reconsider the matter in light of the decision.

In compliance with those directions, we hereby vacate our prior opinion. And, based on *Strong, supra*, 13 Cal.5th 698, we reverse the order denying Brittain's resentencing petition and remand the matter for further proceedings.

I.

BACKGROUND

A.    *Underlying Murder Conviction*

The following quoted paragraphs are taken from our opinion affirming the judgment of conviction against Brittain.

"1.    *The Abramovitz Murder*

"On July 13, 2004, Brittain and [Larry Ray] Phillips beat Stewart Abramovitz to death in the office of A&R Motors at 7364 El Cajon Boulevard.

2

In the process of beating Abramovitz, Brittain and Phillips obtained the PIN number for Abramovitz's ATM card. Brittain then used the ATM card to make repeated withdrawals from an ATM at the Sycuan Casino.

"An ATM camera took pictures of Brittain making the withdrawals, and those pictures were later broadcast on a *Crime Stoppers* television segment and on San Diego County Crime Stoppers Web site, leading to Brittain's identification by members of the public. DNA matching Brittain's genetic profile and DNA consistent with Phillips's genetic profile were found in a blood stain in Abramovitz's office.

"[¶] . . . [¶][1]

"3.     *Escape and Capture*

"In August 2004, after viewing the *Crime Stoppers* television segment, Brittain decided to leave town. Brittain stole a car from the parking lot of In Cahoots bar in Mission Valley, and fled to Colorado with his fiancée, Kerlinda Ramirez. On August 26, 2004, Brittain was arrested in Commerce City, Colorado, after a police officer stopped the couple in the stolen car. During the stop, Ramirez told the police officer about the car theft and related to him Brittain's statements indicating his complicity in the Abramovitz murder.

"On November 7, Phillips was stopped for a traffic violation and arrested in Norwood, Colorado. After being transported to a San Diego jail, Phillips told an inmate about the Abramovitz murder and [another crime]. While in jail, Brittain attempted to send a note to Phillips. The note stated: 'I will take our cases. I'll take a deal for life without. You call me as a witness and I'll get on the stand and say I did them.' " (*People v. Brittain* (Mar. 2, 2009, D050186) [nonpub. opn.].)

---

1     The omitted portion described a separate incident that resulted in an attempted murder conviction that is not at issue on this appeal.

3

A jury found Brittain guilty of first degree murder (Pen. Code, § 187, subd. (a); subsequent undesignated section references are to this code) and robbery (§ 211) and found true a special-circumstance allegation he committed the murder during the robbery (§ 190.2, subd. (a)(17)(A)). On January 16, 2007, the trial court sentenced Brittain to prison for life without the possibility of parole on the murder conviction. (§ 190.2.)

B.    *Petition for Resentencing*

On January 1, 2019, legislation took effect that, among other things, narrowed the scope of liability for felony murder by amending sections 188 and 189. (Stats. 2018, ch. 1015, §§ 2, 3.) The legislation also added a new statute authorizing those convicted of felony murder to petition for resentencing if they could not be convicted of that crime under the amended statutes had they been in effect at the time of the killing. (Former § 1170.95, enacted by Stats. 2018, ch. 1015, § 4, amended by Stats. 2021, ch. 551, § 2, and renumbered § 1172.6 by Stats. 2022, ch. 58, § 10.)[2]

On January 8, 2019, Brittain, proceeding in propria persona, filed a form petition for relief under the new legislation. He checked boxes stating an accusatory pleading had been filed that allowed prosecution under a theory of felony murder; he was convicted of first degree murder under the felony-murder rule; and because of the changes to section 189 that took effect a week earlier, he could not now be convicted of first degree murder. Brittain also checked boxes on the form petition stating he was not the actual killer, did not aid and abet the actual killer with intent to kill, and was not a major participant in the felony during which the victim was killed or did not act

---

[2]    The amendments are not relevant to this appeal. We shall cite the current version of the statute (§ 1172.6) in this opinion even though Brittain filed his petition under the former version (§ 1170.95).

with reckless indifference to human life in the felony. Brittain attached to the petition copies of the abstract of judgment and the accusatory pleading.

The People opposed the petition on the ground the jury's robbery-murder special-circumstance finding made Brittain ineligible for relief. They attached to their opposition copies of the accusatory pleading, the jury's verdicts, the trial court's sentencing minutes, and this court's opinion on Brittain's appeal.

In reply, Brittain, represented by appointed counsel, argued he had stated a prima facie case for relief and the trial court therefore was required to issue an order to show cause and to hold an evidentiary hearing.

The People filed a supplemental brief that cited then-recent cases in support of their contention the jury's robbery-murder special-circumstance finding meant Brittain could be convicted of first degree murder even after the changes to section 189 and so was not entitled to resentencing.

The trial court held a hearing at which the parties submitted on their briefs. The court denied the petition "because it appears that [Brittain] was an active participant in this homicide."

C.      *Prior Appellate Proceedings*

On Brittain's appeal of the trial court's order denying his section 1172.6 petition, we issued an opinion in which we concluded the jury's true finding on the felony-murder special-circumstance allegation did not categorically bar relief, reversed the order denying the petition, and remanded the matter to the trial court for further proceedings. (*People v. Brittain* (Feb. 16, 2022, D078233) [nonpub. opn.].) The Supreme Court of California granted review and held the appeal for its decision in *Strong*, *supra*, 13 Cal.5th 698. (*People v. Brittain*, S273731, Supreme Ct. Mins., Apr. 27, 2022.) In *Strong*, the Supreme Court ruled that a jury's true finding on a felony-murder special-

5

circumstance allegation made before the decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which for the first time provided substantial guidance on the meanings of the phrases "major participant" and "with reckless indifference to human life" as used in the statute defining the special circumstance (§ 190.2, subd. (d)), does not preclude a petitioner from stating a prima facie case for relief under section 1172.6. (*Strong*, at p. 721.) After issuing its decision, the Supreme Court transferred Brittain's appeal back to us with directions to vacate our initial opinion and to reconsider the matter in light of the decision. (*People v. Brittain*, S273731, Supreme Ct. Mins., Nov. 30, 2022.)

## II.

## DISCUSSION

Brittain contends the trial court erred by denying his petition for resentencing based on the jury's true finding on the felony-murder special-circumstance allegation because the finding was made before the Supreme Court decided *Banks*, *supra*, 61 Cal.4th 788, and *Clark*, *supra*, 63 Cal.4th 522. He asks us to reverse the order and to remand the matter to the trial court for further proceedings under section 1172.6. The People initially disagreed with Brittain and urged us to affirm the order, but after the Supreme Court decided *Strong*, *supra*, 13 Cal.5th 698, the People agree the order must be reversed and the matter remanded for further proceedings. We agree with the parties.

As noted earlier, the Supreme Court recently decided that where, as here, a defendant's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong, supra*, 13 Cal.5th at p. 721.) The Supreme Court reasoned that section 1172.6 requires the

6

petitioner to make a prima facie showing that he could not be convicted of murder under the amended versions of sections 188 and 189, and "[a] pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong*, at pp. 717-718.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, at p. 710; see *People v. Montes* (2021) 71 Cal.App.5th 1001, 1008 [trial court may not deny section 1172.6 petition at prima facie stage based on its own determination defendant was major participant in felony and acted with reckless disregard for human life].)  Thus, "[n]either the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, at p. 720.)

In Brittain's case, the jury made its special circumstance finding several years before the Supreme Court decided *Banks*, *supra*, 61 Cal.4th 788, and *Clark*, *supra*, 63 Cal.4th 522.  Under *Strong*, those findings do not preclude Brittain from stating a prima facie case for relief.  (*Strong, supra*, 13 Cal.5th at p. 721.)  Because his petition alleged the facts necessary for relief under section 1172.6 and nothing in the record shows he is ineligible for relief as a matter of law, the trial court erred by summarily denying the petition.  We therefore must remand the matter to the court to issue an order to show cause and, to the extent necessary, hold an evidentiary hearing. (§ 1172.6, subds. (c), (d); *Strong*, at pp. 708-709; *People v. Duchine* (2021)

7

60 Cal.App.5th 798, 816.)  We express no opinion on how the trial court should ultimately rule on the petition.

III.

DISPOSITION

The opinion filed on February 16, 2022, is vacated.  The order denying the petition for relief under section 1172.6 is reversed.  The matter is remanded to the trial court with directions to issue an order to show cause and, to the extent necessary, to hold an evidentiary hearing.

IRION, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.